[Crim. No. 894. Fifth Dist. Oct. 21, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
LOUIE GARCIA PEREZ, Defendant and Appellant.

## COUNSEL

Michael Korn, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Arnold O. Overoye and O. Robert Simons, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

GINSBURG, J.*—Appellant appeals from a judgment entered pursuant to a jury verdict convicting him of battery upon a police officer engaged in the performance of his duties (Pen. Code, § 243).[1] His sole contention is that the trial court erred in refusing to instruct the jury on the theories of self-defense and the effect of possible excessive force used by the officer.

Appellant was arrested on a charge of driving a vehicle while intoxicated. During the booking procedure, he engaged in an altercation with the booking officer, Deputy Sheriff Keaton. The testimony of Officer Keaton is that appellant refused to be fingerprinted and he grabbed appellant's hand to obtain the prints. Appellant endeavored to break away and in so doing fell forward, hit the booking machine, and injured himself. This testimony was corroborated by others, including a jail inmate.

The testimony of appellant is that Officer Keaton suddenly yelled, "I told you to sign this booking slip three times," grabbed him by the hair and slammed his head against the booking desk, causing his nose and mouth to bleed.

From this point on, we must rely exclusively on the testimony of witnesses called by the prosecution; appellant testified he remembers nothing of what happened thereafter.

The testimony of several other witnesses, all in substantial agreement, is therefore undisputed. They related that after the altercation appellant requested and received change for a $5 bill from Officer Keaton so he could call his mother. He then went to the telephone and made his call. Keaton stood with his back to appellant and was occupied with releasing another prisoner. Appellant completed his call and as he walked toward Keaton from behind, he picked up a stool, raised it, and hit Keaton on the head before he could turn around. The blow inflicted a wound approximately

---

*Assigned by the Chairman of the Judicial Council.

[1]Penal Code section 243 provides, in part: "A battery is punishable by fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or by both. When it is committed against the person of a peace officer . . . and the person committing the offense knows or reasonably should know that such victim is a peace officer . . . engaged in the performance of his duties, and such peace officer . . . is engaged in the performance of his duties, the offense shall be punished by imprisonment in the county jail not exceeding one year or by imprisonment in the state prison for not less than one nor more than 10 years. . . ."

3 inches long, which penetrated to the bone and required 16 sutures to close. Immediately prior to being struck, Officer Keaton was not conversing with appellant, nor was he making any threatening motion or gesture toward him; in fact, he was not even facing appellant.

Upon these facts appellant requested, and the trial court refused, instructions on the theory of self-defense and justifiable use of force based upon excessive use of force by Officer Keaton.[2] Appellant contends that if his testimony is accepted as true, the officer attacked him and he was then entitled to defend himself against this excessive force. He cites the well established rule that a trial judge must instruct the jury on any theory justified by the evidence, even though such evidence be weak, unconvincing, or unworthy of belief (*People* v. *Wilson,* 66 Cal.2d 749, 759 [59 Cal.Rptr. 156, 427 P.2d 820], and cases cited therein), and contends that the refusal to so instruct in this case was prejudicial error.

The question thus presented is, if we accept all of appellant's testimony as true, should the proffered instructions have been given? An examination of all of the evidence compels a conclusion in the negative.

Appellant contends that a prisoner has the right to defend himself against the use of excessive force by his custodial peace officer. *People* v. *Soto,* 276 Cal.App.2d 81 [80 Cal.Rptr. 627], establishes that ". . . a person who uses reasonable force to protect himself or others against the use of unreasonable excessive force in making an arrest is not guilty of any crime (Pen. Code, §§ 692, 694)." (P. 85.) In *People* v. *Curtis,* 70 Cal.2d 347, at page 357 [74 Cal.Rptr. 713, 450 P.2d 33], the Supreme Court states: ". . . it is now the law of California that a person may not use force to resist any arrest, lawful or unlawful, except that he may use reasonable force to defend life and limb against excessive force; but if it should be determined that resistance was not thus justified, the . . . provisions of section 243 apply. . . ." In *Soto* the reviewing court reasoned that under Penal Code section 243 the assault must be upon a peace officer who is *actually* engaged in the performance of his duties, and that a peace officer who makes an unlawful arrest or uses excessive force is not so engaged. The court adds: "Moreover, it is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest [citation]." (276 Cal.App.2d at p. 85.) The same reasoning would impel the conclusion

---

[2]The proffered instructions included CALJIC 622 (now 5.50) re right to stand ground and pursue when attacked; and .instructions adapted from and based upon CALJIC 321 (now 3.10) re force used in resisting an attempt to commit felony, and 621 (now 5.30) re right of self-defense against an assault.

that one already under arrest may defend against excessive force without thereby violating the felony provisions of section 243 as to peace officers.

■ Assuming the right of self-defense so exists, it would be subject to the same rules as in other cases. One qualification is that the right of self-defense is based upon the appearance of imminent peril to the person attacked. When that danger has passed and the attacker has withdrawn, there can be no justification for the use of further force. (*People* v. *Keys,* 62 Cal.App.2d 903, 916 [145 P.2d 589]; see 1 Witkin, Cal. Crimes (1963) § 163.)

■ Applying these principles to the instant case and accepting appellant's version of the original altercation as true, as conceivably a jury might, still any occasion for appellant's use of force had ceased when his attack upon the officer took place. It is undisputed that a time interval sufficient for appellant to make and complete a telephone call had elapsed, that the officer himself had abandoned any altercation with appellant and was occupied with other duties, and that the officer had his back turned to appellant and, under any interpretation of the facts, could no longer be considered to be attacking or even threatening him. In *Curtis* and *Soto* the force used by each appellant was immediate and directly in response to the officer's force. Here, according to the undisputed testimony, if there ever was any necessity or reasonable ground for the use of force by appellant, it had ceased. There was thus no evidence of any kind upon which the instruction of self-defense could have been based.

■ The right to have a jury instructed on self-defense must be based upon more than imagined facts or inferences (*People* v. *Hudgins,* 252 Cal. App.2d 174, 179 [60 Cal.Rptr. 176]), and it is not error in any event to refuse to instruct on a defense theory not supported by the evidence. (*People* v. *Bronson,* 263 Cal.App.2d 831, 843 [70 Cal.Rptr. 162].)

The judgment is affirmed.

Gargano, Acting P. J., and Coakley, J., concurred.