[No. B020018. Second Dist., Div. Six. June 10, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
KELSEY DRU GLEGHORN, Defendant and Appellant.

COUNSEL

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Andrew D. Amerson, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

STONE, P. J.—May a person who enters the habitat of another at 3 o'clock in the morning for the announced purpose of killing him, and who commences to beat the startled sleeper's bed with a stick and set fires under

him, be entitled to use deadly force in self defense after the intended victim shoots him in the back with an arrow? Upon the basis of these bizarre facts, we hold that he may not, and instead, must suffer the slings and arrows of outrageous fortune (with apologies to William Shakespeare and *Hamlet,* Act III, sc. 1).

Kelsey Dru Gleghorn appeals his conviction by jury of one count of simple assault (Pen. Code, § 240) and one count of battery with the infliction of serious bodily injury (Pen. Code, § 243, subd. (d)). He contends the trial court erred in denying his motion for mistrial based on his allegation of inconsistent verdicts and insufficient evidence to support the conviction on count II and erred in instructing the jury pursuant to CALJIC No. 5.42. We find no error and affirm the judgment.

## FACTS

This case is a parable of the dangers of weaponry in the hands of unreasonable powers who become unduly provoked over minor irritations. Melody Downes shared her house with several persons, including appellant. She rented her garage to Michael Fairall for $150 per month. She believed he was to give her a stereo as part of the rent. He believed her intent was only to borrow it. He asked for the return of the stereo; she said she sold it.

Fairall, a man of obvious sensitivity, smashed all the windows of her automobile, slashed the tires, and dented the body. Not quite mollified, he kicked in her locked door, scattered her belongings in the bedroom, and broke an aquarium, freeing her snake. (It was scotched, not killed. See *Macbeth,* W. Shakespeare.) Ms. Downes advised appellant of Fairall's behavior; he apparently took umbrage. On the fateful night in question, Fairall, having quaffed a few, went to the garage he called home and then to bed, a mattress laid upon a lofty perch in the rafters. He was rudely awakened by a pounding on the garage door accompanied by appellant's request that he come out so that appellant might kill him. Fairall wisely advised him that they could exchange pleasantries in the morning.

Undeterred, appellant opened the garage door, entered with stick in hand and began beating on the rafters, yelling for Fairall to come down. In the darkness, Fairall claimed he could see sparks where the board hit the rafters. Appellant said that if Fairall did not come down, he would burn him out. No sooner said than done, appellant set a small fire to some of Fairall's clothes.

Fairall, who happened to have secreted a bow and quiver of arrows in the rafters to prevent its theft, loosed one but did not see where it landed.[1] Fairall, abandoning his weapons, swung down from the rafters and was immediately hit from behind. He yelled for someone to bring a hose and attempted to extinguish the fire with his hands. Meanwhile, appellant, in an ill humor from the gash in his back caused by the arrow, continued to beat him, causing a two-inch-wide vertical break in Fairall's lower jaw, tearing his lips, knocking out six to ten teeth, mangling two fingers, and lacerating his arm, stomach and back. Fairall also suffered burns on the palms of his hands.

Fairall testified under a grant of immunity given concerning the vandalism of the car.

## DISCUSSION

### 1. *Verdicts Not Inconsistent.*

■ The jury returned verdicts of guilty of simple assault as a lesser included offense of assault by means of force likely to incur great bodily injury (Pen. Code. § 245, subd. (a)(1)) on count I and of battery with the infliction of serious bodily injury on count II. Appellant moved for a new trial (Pen. Code, § 1181) on grounds that the verdicts were contrary to the law or evidence. He contends that since the jury found his acts prior to being shot constituted only simple assault, Fairall was not justified in replying with deadly force. Since the victim responded with deadly force, he continues, he was entitled to defend himself with deadly force. Ergo, he could not be convicted of battery with the infliction of serious bodily injury.

Not every assault gives rise to the right to kill in self-defense. Penal Code section 197 explains when homicide is justifiable, i.e., "2. When committed in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony, or against one who manifestly intends and endeavors, in a violent, riotous or tumultuous manner, to enter the habitation of another for the purpose of offering violence to any person therein; or, [¶] 3. . . . when there is reasonable ground to apprehend a design to commit a felony or to do some great bodily injury, and imminent danger of such design being accomplished . . . ." However, to repel a slight assault, the person assaulted is not authorized to resort to unduly violent measures. (*People* v. *Mesa* (1932) 121 Cal.App. 345, 349 [8 P.2d 920].)

---

[1] "I shot an arrow into the air, It fell to earth, I knew not where." (*The Arrow and the Song,* Henry Wadsworth Longfellow.) In this case, appellant learned where it landed—in his back.

■ Generally, if one makes a felonious assault upon another, or has created appearances justifying the other to launch a deadly counterattack in self-defense, the original assailant cannot slay his adversary in self-defense unless he has first, in good faith, declined further combat, and has fairly notified him that he has abandoned the affray. (*People* v. *Hecker* (1895) 109 Cal. 451, 463 [42 P. 307].) However, when the victim of simple assault responds in a sudden and deadly counterassault, the original aggressor need not attempt to withdraw and may use reasonably necessary force in self-defense. (*People* v. *Sawyer* (1967) 256 Cal.App.2d 66, 75 [63 Cal.Rptr. 749]; see also *People* v. *Dawson* (1948) 88 Cal.App.2d 85, 95 [198 P.2d 338].)

■ Appellant contends that, since he initially committed only a simple assault, he was legally justified as a matter of law in standing his ground, even though he was the initial attacker, and in utilizing lethal force against Fairall. He asserts that the jury did not follow special instruction number 5 which stated: "Where the original aggressor is not guilty of a deadly attack, but of a simple assault or trespass, the person assaulted has no right to use deadly or other excessive force. [¶] And, where the counter assault is so sudden and perilous that no opportunity be given to decline further to fight and he cannot retreat with safety he is justified in slaying in self-defense."

We disagree both with appellant's conclusion that there is no evidence to support the verdict on count II and that the verdict on count II is, as a matter of law, inconsistent with the jury's verdict on count I.  ■  When the sufficiency of the evidence is questioned on appeal, we review the whole record in the light most favorable to the judgment below to determine whether there is substantial evidence, i.e., evidence reasonable, credible, and of solid value from which a reasonable trier of fact could find defendant guilty beyond a reasonable doubt. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) We presume in support of that judgment the existence of every fact the trier could reasonably deduce from the evidence. (*People* v. *Vann* (1974) 12 Cal.3d 220, 225 [115 Cal.Rptr. 352, 524 P.2d 824]; see also *People* v. *Reyes* (1974) 12 Cal.3d 486, 496 [116 Cal.Rptr. 217, 526 P.2d 225].)

■ The right of self-defense is based upon the appearance of imminent peril to the person attacked. (*People* v. *Smith* (1981) 122 Cal.App.3d 581, 590 [176 Cal.Rptr. 73].) The right to defend one's person or home with deadly force depends upon the circumstances as they reasonably appeared to that person. (*People* v. *Loustaunau* (1986) 181 Cal.App.3d 163, 171 [226 Cal.Rptr. 216].) That right cannot depend upon the appellant's supposedly nonfelonious secret intent. (*Ibid.*; *People* v. *Walker* (1973) 32 Cal.App.3d 897, 902-903 [108 Cal.Rptr. 548].) Similarly, justification does not depend

upon the existence of actual danger but rather upon appearances, i.e., if a reasonable person would be placed in fear for his or her safety, and defendant acted out of that fear. (*People* v. *Clark* (1982) 130 Cal.App.3d 371, 377 [181 Cal.Rptr. 682].)

Moreover, even though a person is mistaken in judgment as to the actual necessity for the use of extreme measures, if he was misled through no fault or carelessness on his part and defends himself correctly according to what he supposed the facts to be, his act is justifiable. (*Id.,* at p. 377.) These are usually questions of fact for the jury to resolve. (*Id.,* at p. 378.) It is beyond the province of this court to reweigh the evidence. (*People* v. *Sassounian* (1986) 182 Cal.App.3d 361, 408 [226 Cal.Rptr. 880].) We will not reverse a jury's verdict simply because the evidence might support a contrary conclusion so long as the circumstances reasonably justify the findings. (*Ibid.*; *People* v. *Redmond* (1969) 71 Cal.2d 745. 755 [79 Cal.Rptr. 529, 457 P.2d 321].)

■ Here, the jury could reasonably infer from the evidence that: (1) Fairall acted reasonably upon the appearances that his life was in danger or (2) even if Fairall acted unreasonably in shooting appellant with the arrow and appellant was justified in responding with deadly force, appellant continued to beat his attacker long after the attacker was disabled. If a person attacked defends himself so successfully that his attacker is rendered incapable of inflicting injury, or for any other reason the danger no longer exists, there is no justification for further retaliation. (1 Witkin, Cal. Crimes, § 163, p. 156 (1963); see *People* v. *Perez* (1970) 12 Cal.App.3d 232, 236 [90 Cal.Rptr. 521]; *People* v. *Smith, supra,* 122 Cal.App.3d 581, 588.) This principle is embodied in CALJIC Nos. 5.52 and 5.53 (1983 rev.), both of which were given to the jury.

The evidence supports a finding that Fairall did not threaten or take any action against appellant after Fairall descended from the loft. On the other hand, if the jury found, as it could have, that Fairall was justified in reasonably fearing for his life on the appearances of appellant's actions, appellant never obtained the right of self-defense in the first place. We find no error.

2. *No Instructional Error.*

■ The trial court instructed the jury pursuant to CALJIC No. 5.42 that: "A person may defend his home or habitation against anyone who manifestly intends or endeavors in a violent or riotous manner, to enter that home or habitation and who appears to intend violence to any person in that home. The amount of force which the person may use in resisting such entry is limited by what would appear to a reasonable person, in the same or

similar circumstances, necessary to resist the violent or unlawful entry. He is not bound to retreat even though a retreat might safely be made. He may resist force with force, increasing it in proportion to the intruder's persistence and violence if the circumstances which are apparent to the occupant are such as would excite similar fears and a similar belief in a reasonable person."

He asserts that CALJIC No. 5.42 is inconsistent with Penal Code section 198.5 which states: "Any person using force intended or likely to cause death or great bodily injury within his or her residence shall be presumed to have held a reasonable fear of imminent peril of death or great bodily injury to self, family, or a member of the household when that force is used against another person, not a member of the family or household, who unlawfully and forcibly enters or has unlawfully and forcibly entered the residence and the person using the force knew or had reason to believe that an unlawful and forcible entry occurred."

Appellant argues that, since he was a member of the household, Fairall was not privileged to use deadly force against him and the jury was misinstructed and probably confused, believing that Fairall's acts were privileged as self-defense when they were not. We disagree.

■ The trial court has a duty to instruct on general principles of the law relevant to the issues raised by the evidence. (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913] disapproved on other grounds in *People* v. *Flannel* (1979) 25 Cal.3d 668, 684, fn. 12 [160 Cal.Rptr. 84, 603 P.2d 1].) The court also has a correlative duty to refrain from instructing on principles which have the effect of confusing the jury or relieving it from making findings on relevant issues. (*People* v. *Saddler* (1979) 24 Cal.3d 671, 681 [156 Cal.Rptr. 871, 597 P.2d 130]; *People* v. *Satchell* (1971) 6 Cal.3d 28, 33, fn. 10 [98 Cal.Rptr. 33, 489 P.2d 1361, 50 A.L.R.3d 383].)

■ The jury was not given an instruction based upon Penal Code section 198.5. To have done so might well have confused it as the court would have been instructing on a presumption that probably was inapplicable. Appellant is correct in that, if he was a member of the household, the presumption set forth in Penal Code section 198.5 would not apply. However, that does not mean that Fairall did not have the right to defend himself against a violent attack in his own house, even if the attacker was another household member. (See Pen. Code, § 197, subd. 3.) There simply would be no *presumption* that he acted in reasonable fear of imminent peril, great bodily harm or death. Appellant cites no authority, nor do we know of any, that indicates the Legislature intended by its enactment of section

198.5 to *restrict* the long-standing right to defend oneself from attack in one's home, or abrogate the provisions of section 197. (See *People* v. *Loustaunau, supra,* 181 Cal.App.3d 165, 171.)

The judgment is affirmed.

Gilbert, J., and Abbe, J., concurred.