TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-808 |
| of | : | |
| | : | November 18, 1994 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. DA VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MARGARET SNYDER, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

Is a county recorder required to accept for recordation a "Notice of Intent to Preserve an Interest" that specifies an amount of money as the interest in the property and containing the "castle doctrine," i.e., "a man's home is his castle and, hence, he may use all manner of force including deadly force to protect it and its inhabitants from attack?"

CONCLUSION

A county recorder is not required to accept for recordation a "Notice of Intent to Preserve an Interest" that specifies an amount of money as the interest in the property and containing the "castle doctrine," i.e., "a man's home is his castle and, hence, he may use all manner of force including deadly force to protect it and its inhabitants from attack."

ANALYSIS

We are asked to determine whether a county recorder must record a document the principal substance of which declares applicable to the owner's property the "castle doctrine," i.e., "a man's home is his castle and, hence, he may use all manner of force including deadly force to protect it and its inhabitants from attack." We conclude that a county recorder has no statutory duty to record such a document containing the castle doctrine.

.                                                                                    94-808

The force which may be justified in defense of persons or property within one's residence is prescribed by law. (See *People* v. *Brown* (1992) 6 Cal.App.4th 1489, 1496-1499; *People* v. *Owen* (1991) 226 Cal.App.3d 996, 1003-1007; *People* v. *Gleghorn* (1987) 193 Cal.App.3d 196, 200-204.) Of course, the mere recording of some other standard of justification would not effect a change in the law applicable to the parcel to which it refers or to the consequences for a violation of the law. Indeed, it is settled that a recorded instrument which is not authorized by statute to be recorded, and self-serving declarations recorded in a chain of title which are not operative in transferring or creating a right or title, do not impart constructive notice to subsequent purchasers. (*Brown* v. *Johnson* (1979) 98 Cal.App.3d 844, 849-850.) Nevertheless, it remains to be determined whether the documentary recitation in question must be recorded at all.

Government Code section 27201, subdivision (a)[1] provides in part as follows:

"The recorder shall, upon payment of proper fees and taxes, accept for recordation any instrument, paper, or notice which is authorized or required by law to be recorded, if the instrument, paper, or notice contains sufficient information to be indexed as provided by statute, meets recording requirements of state statutes and local ordinances and is photographically reproducible. The county recorder shall not refuse to record any instrument, paper, or notice which is authorized or required by law to be recorded on the basis of its lack of legal sufficiency."[2]

Section 27320 provides:

"When any instrument authorized by law to be recorded is deposited in the recorder's office for record, the recorder shall endorse upon it in the order in which it is deposited, the year, month, day, hour, and minute of its reception, and the amount of fees for recording. The recorder shall record it without delay . . . ."

In view of the foregoing, we do not consider as the basis for our determination the legal insufficiency of the recitation contained within the document in question, but rather whether the instrument satisfies the requirements of section 27201, subdivision (a). Specifically, is the questioned document "authorized or required by law to be recorded," and does it meet "recording requirements of state statutes"?

Preliminarily, we note that a public officer has only such powers as have been conferred by law, expressly or by implication. (See 75 Ops.Cal.Atty.Gen. 1 (1992) [Secretary of State not authorized to register domestic partners as unincorporated nonprofit corporations]; 65 Ops.Cal.Atty.Gen. 321 (1982)[county recorder not authorized to record unlicensed declaration of marriage].) Also, while we have determined that a county may provide by ordinance for the recording

---

[1]Undesignated section references prior to footnote 3 are to the Government Code.

[2]The scope of our opinion herein pertains to documents executed after July 1, 1994, when the current language of section 27201 became operative. (Stats. 1992, ch. 87, § 9.)

of additional documents which would not conflict with pertinent state statutes, provided that such documents are filed in accordance with procedures prescribed by state law (63 Ops.Cal.Atty.Gen. 905 (1980)), it is assumed for purposes of this opinion that no local ordinance authorizes the recording of the subject document.

With respect to the prerequisite legal authority to record the proferred document, it is to be observed generally that a document is authorized for recording by any one of more than 100 express provisions of law contained in the various codes.  (See 3 Miller & Starr, Current Law of Cal. Real Estate (2d ed. 1989) § 8.5.)   No suggestion is made that the castle doctrine is referenced in any specific authorizing statute.

For example, regarding recordable documents affecting realty, section 27280, subdivision (a) provides:  "Any instrument or judgment affecting the title to or possession of real property may be recorded pursuant to this chapter."[3]   The document in question neither affects the title to real property within the meaning of section 27280, nor, as we have seen, does it effect a change or modification of the law respecting the right of possession or defense of real property.

The document under review is entitled "Notice of Intent to Preserve an Interest."  Pursuant to the Marketable Record Title Act of 1982 (Civ. Code, §§ 880.020-887.090; hereafter "Act"),[4] a notice of intent to preserve an interest in real property may be recorded under specified conditions.   Section 880.310, subdivision (a) provides:

"If the time within which an interest in real property expires pursuant to this title depends upon recordation of a notice of intent to preserve the interest, a person may preserve the person's interest from expiration by recording a notice of intent to preserve the interest before the interest expires pursuant to this title.   Recordation of a notice of intent to preserve an interest in real property after the interest has expired pursuant to this title does not preserve the interest."

Section 880.330 states:

"Subject to all statutory requirements for recorded documents:

"(a)   A notice of intent to preserve an interest in real property shall be in writing and signed and verified by or on behalf of the claimant.   If the notice is made on behalf of a claimant, the notice shall include a statement of the authority of the person making the notice.

---

[3]Of course, a grant deed is an instrument affecting title to realty.  (Civ. Code, § 1053; *Klamath Land & Cattle Company* v. *Roemer* (1970) 12 Cal.App.3d 613, 618.)   Accordingly, such an instrument containing sufficient information and satisfying the requirements of law would, upon presentation, be accepted for recordation.  (§ 27201.)   The duty to record would not be vitiated by the inclusion of an extraneous recitation, such as the castle doctrine, which is void and separable from the import of the instrument.  (Cf. *Wharton* v. *Mollinet* (1951) 103 Cal.App.2d 710, 713.)

[4]Undesignated section references hereafter are to the Civil Code.

"(b)  The notice shall contain all of the following information:

"(1)  The name and mailing address of the claimant.  If the notice is made by or on behalf of more than one claimant the notice shall contain the name and mailing address of each claimant.

"(2)  A statement of the character of the interest claimed.  The statement shall include a reference by record location to the recorded document that creates or evidences the interest in the claimant.

"(3)  A legal description of the real property in which the interest is claimed. The description may be the same as that contained in the recorded documents that creates or evidences the interest in the claimant."

Section 880.350 provides:

"(a)  A notice of intent to preserve an interest in real property shall be recorded in the county in which the real property is situated.

"(b)  The county recorder shall index a notice of intent to preserve an interest in real property in the index of grantors and grantees.  The index entry shall be for the grantor, and for the purpose of this index, the claimant under the notice shall be deemed to be the grantor.  If a notice of intent to preserve is recorded by or on behalf of more than one claimant, each claimant shall be deemed to be a grantor and a separate index entry shall be made for each claimant."

The purposes of the Act are to provide for the extinguishment of remote interests in real property and for the means to preserve from extinguishment such interests, as explained in section 880.020, subdivision (b):

"It is the purpose of the Legislature in enacting this title to simplify and facilitate real property title transactions in furtherance of public policy by enabling persons to rely on record title to the extent provided in this title, *with respect to property interests specified in this title*, subject only to the limitations expressly provided in this title and notwithstanding any provision or implication to the contrary in any other statute or in the common law.  This title shall be liberally construed to effect the legislative purpose."   (Emphasis added.)

The property interests specified in the Act that would otherwise expire unless a notice of intent to preserve the interest is recorded (§ 880.310, subd. (a))[5] consist of ancient mortgages and deeds of trust

---

[5]Interests that are not subject to expiration under the Act's provisions include possessory interests and interests held by public entities.  (§ 880.240.)

(§§ 882.020-882.040), mineral rights (§§ 883.110-883.270), unexercised options (§§ 884.010-884.030), powers of termination (§§ 885.010-885.070), unperformed contracts for sale (§§ 886.010-886.050), and abandoned easements (§§ 887.010-887.090). The interest herein sought to be preserved is a specified amount of money, presumably the amount invested in the property for which the castle doctrine is declared. The interest is claimed to exist as a result of a grant deed recorded on the property. Obviously, such interest is not described in the Act, and accordingly, the Act provides no authority for its recordation.

Finally, we consider whether the document in question satisfies the recording requirements of state statutes. In 67 Ops.Cal.Atty.Gen. 93 (1984) we determined that the provision precluding the county recorder from refusing to record any instrument "on the basis of its lack of legal sufficiency" (Gov. Code, § 27201, subd. (a)) did not set aside the need for documents to comply with the recording prerequisites of Government Code sections 27280-27296, or for the county recorder to ensure that a document complies before recording it.[6] Nor do we now suppose that Government Code section 27201 sets aside or impairs the need for documents to comply with the recording prerequisites of the Act under which the purported interest is sought to be preserved. Since the castle doctrine is contrary to the general law which, as amended from time to time, solely determines and defines a person's rights and interests in real property, the recording requirement of providing "a reference by record location to the recorded document that creates or evidences the interest in the claimant" (§ 880.330, subd. (b)(2)) cannot be met.

It is concluded that a county recorder is not required to accept or recordation a "Notice of Intent to Preserve an Interest" that specifies an amount of money as the interest in the property and containing the castle doctrine, i.e., "a man's home is his castle and, hence, he may use all manner of force including deadly force to protect it and its inhabitants from attack."

\* \* \* \* \*

---

[6] In another context, we determined that it is the ministerial duty of a county recorder to record a document which is proper in form *provided* that it complies with statutory prerequisites. (65 Ops.Cal.Atty.Gen., *supra*, 324-325.)