Filed 4/30/15  In re Christian N. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re CHRISTIAN N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN N.,<br><br>Defendant and Appellant. | F069722<br><br>(Super. Ct. No. JJD067598)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Michael B. Sheltzer, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Gregory Wagner, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Kane, Acting P.J., Poochigian, J. and Peña, J.

On January 22, 2014, the Tulare County District Attorney's Office filed a wardship petition under section 602 of the Welfare and Institutions Code, alleging that Christian N. committed assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4); count 1) and battery with serious bodily injury (§ 243, subd. (d); count 2), both felonies. Following a contested jurisdictional hearing, count 1 was dismissed as unproven, but Christian was found to have committed simple battery (§ 242), a misdemeanor, as a lesser included offense of count 2. Christian was placed on six months' informal probation with various terms and conditions, including that he perform 40 hours of community service. He was also ordered to pay a $100 restitution fine. He now appeals, claiming insufficient evidence was presented to sustain the finding he committed battery. We affirm.

## FACTS

As of January 20, 2014, three of Gina S.'s sons — David, Jonathan, and Christian — were living in her home.[2] That afternoon, they all were supposed to go to specific areas of the home to clean. Christian, who was in the kitchen, and Jonathan, who was supposed to be in the living room, started arguing. Although David told them to stop, the argument continued, and Christian and Jonathan ended up in the hallway, quarreling and grappling with each other.

David physically separated the two and got Jonathan to go into Jonathan's bedroom, and Christian to return to the kitchen. David then returned to his own room,

_____

[1]     Further statutory references are to the Penal Code unless otherwise stated.

[2]     Due to the court's policy of protective nondisclosure, we refer to all members of the family by their first names. No disrespect is intended.

All three boys were under age 18. David was the oldest and largest; Christian, the youngest and smallest.

A Welfare and Institutions Code section 602 petition was also filed against Jonathan as a result of events, and his and Christian's cases were heard jointly.

2.

but Christian started verbally provoking or challenging him, trying to make him mad. David kept telling Christian to knock it off, but when Christian continued, David came out of his room and they started arguing face to face. Jonathan tried to pull Christian out of the kitchen to get him to leave David alone.

David pushed Christian down. Jonathan told them both to knock it off, then went into Gina's room and told her she needed to call the police. She and Jonathan went into the kitchen and saw David holding Christian in the corner with his left arm across Christian's chest.[3] Gina told them both to stop, and said if they did not, she would get in the middle of it, and if she got in the middle, she was going to get hurt. Jonathan was yelling at David to let go, that he was going to hurt Christian. It did not appear to Gina that David was hurting Christian, but Christian was trying to push free with his body and was continuing to verbally antagonize David. As Christian started bucking up, David placed both hands on him and his hands moved closer to Christian's neck.

Jonathan, who was extremely protective of Christian, got scared and told David something to the effect of, "you're going to choke him." Jonathan tried to pull David off, but could not. Gina then saw Jonathan turn around. The next thing she knew, Jonathan hit David two to three times on the back of the head with a can of bug spray that had been on the counter. Everything happened within seconds.[4]

---

[3] Although Gina recalled that David and Christian were both still standing, David testified that he was standing up, but Christian was on the floor, struggling to get up as David held him down. Jonathan recalled that David had Christian bent over the kitchen counter.

[4] According to Jonathan, after he told Gina to call the police, he heard Christian yell. He then saw David with his forearm pressed against Christian's neck. Jonathan thought Christian was going to be hurt; his face was red and he was struggling to talk because David was applying pressure to his throat. When Jonathan was unable to get David to let go by verbal means, he turned around, grabbed the first thing he could find, and hit David with it to try to break them up. Jonathan struck David two or three times, then stopped because he saw David let go of Christian. Jonathan then jumped over

3.

David stopped and let go of Christian. David attempted to turn around and go after Jonathan, but he went down. Gina saw Jonathan attempt to kick David.[5] She saw David grab his head and then saw blood on his fingers. Gina told Jonathan to stop, that David was hurt and she could see blood.[6]

Gina ran to grab a towel, and she yelled at Christian to call an ambulance. Christian tried, but he could not find her phone. Both of them were panicking. Finally, David used his own phone to call 911. He was transported to the hospital, where his wound was closed with staples.

Officer Yates responded to the home. Gina told him that after David fell to the ground, Christian got up and started to kick him in the back of the head, but she was not sure whether he made contact.[7] Yates observed two thin lacerations, about two inches long and similar in appearance, on the back of David's head. He also observed the can that was used in the incident. It had a circular bottom with a dull edge. The lacerations were consistent with being struck with a can.

At the conclusion of the hearing, the trial court observed that in order for the People to prove the allegations in this case beyond a reasonable doubt, they had to prove

David, who had fallen to the floor, and ran, because he did not want David to come after him.

[5] Jonathan denied trying to kick David.

[6] According to David, he was standing when he was struck twice on the back of his head. He fell close to Christian. David was kicked twice, but did not know who kicked him, because his eyes were closed and he could not see. He thought he might have momentarily lost consciousness. He estimated 30 seconds or less elapsed between when he was hit and when he was kicked. During that entire time, he was on the floor. He then got up and started to chase after Jonathan, but stopped when he realized his head was bleeding. By the time David got up, Christian was in the living room. David did not see either of his brothers leave the kitchen.

[7] Yates wrote in his report that Gina said Christian began to kick David in the back of the head and also stomped on his head. Gina denied saying that. According to her, after Jonathan hit David, Christian had no further physical contact with David.

4.

beyond a reasonable doubt that self-defense and defense of others were not implicated. The court found Jonathan reasonably believed there was imminent danger of David causing harm to Christian, and used a reasonable amount of force to accomplish the goal of stopping the fight. Accordingly, the court dismissed the petition as to Jonathan.

The court found David's testimony to be the most credible in terms of what occurred. The court found it proven beyond a reasonable doubt that someone kicked David in the head. Because Jonathan was fearful David was going to come after him, the court determined Jonathan jumped over the melee and fled; therefore, it was reasonable that Christian was the one who did the kicking. As a result, the court found the People had proved, beyond a reasonable doubt, that Christian was guilty of a battery. Because the court did not believe any of the kicks actually caused injury, it found Christian committed simple battery in violation of section 242.

## DISCUSSION

Christian contends the evidence was insufficient to prove beyond a reasonable doubt he committed battery. He says that when the facts of this case are considered as a whole, "it is inherently improbable and impossible of belief that [he] did not act in self-defense." We disagree.

The legal principles, which apply equally to adult criminal trials and juvenile proceedings involving criminal acts (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371; *In re Cheri T.* (1999) 70 Cal.App.4th 1400, 1404), are settled. The test of sufficiency of the evidence is whether, reviewing the whole record in the light most favorable to the judgment below, substantial evidence is disclosed such that a reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578; accord, *Jackson v. Virginia* (1979) 443 U.S. 307, 319.) Substantial evidence is that evidence which is "reasonable, credible, and of solid value." (*People v. Johnson*, *supra*, at p. 578.) An appellate court must "presume in support of the judgment the existence of every fact the trier could reasonably deduce

5.

from the evidence." (*People v. Reilly* (1970) 3 Cal.3d 421, 425.) An appellate court must not reweigh the evidence (*People v. Culver* (1973) 10 Cal.3d 542, 548), reappraise the credibility of the witnesses, or resolve factual conflicts, as these are functions reserved for the trier of fact (*In re Frederick G.* (1979) 96 Cal.App.3d 353, 367). Furthermore, an appellate court can only reject evidence accepted by the trier of fact when the evidence is inherently improbable and impossible of belief. (*People v. Maxwell* (1979) 94 Cal.App.3d 562, 577.) "Where the circumstances support the trier of fact's finding of guilt, an appellate court cannot reverse merely because it believes the evidence is reasonably reconciled with the defendant's innocence. [Citations.]" (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1747.) Reversal on the ground of insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the finding].' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

"A battery is any willful and unlawful use of force or violence upon the person of another." (§ 242.) If done in a rude or angry way, a kick to the head clearly qualifies, as do hands or a forearm to the neck. (See *James v. State of California* (2014) 229 Cal.App.4th 130, 137-138; *People v. Myers* (1998) 61 Cal.App.4th 328, 335.) No intent to cause injury is required. (See *People v. Lara* (1996) 44 Cal.App.4th 102, 107.)

"It follows that an offensive touching, although it inflicts no bodily harm, may nonetheless constitute a battery, which the victim is privileged to resist .…" (*People v. Myers*, *supra*, 61 Cal.App.4th at p. 335.) "'To justify an act of self-defense for [a battery charge], the defendant must have an honest and reasonable belief that bodily injury is about to be inflicted on him. [Citation.]' [Citation.]" (*People v. Minifie* (1996) 13 Cal.4th 1055, 1064, italics omitted.) For a right of self-defense to exist, "the defendant's fear must be of imminent harm. [Citation.]" (*People v. Lopez* (2011) 199 Cal.App.4th 1297, 1305.) "Fear of future harm — no matter how great the fear and no matter how great the likelihood of the harm — will not suffice.… '"[T]he peril must appear to the

defendant as immediate and present and not prospective or even in the near future. *An imminent peril is one that, from appearances, must be instantly dealt with.*'''" (*In re Christian S.* (1994) 7 Cal.4th 768, 783.)

The prosecution has the burden of proving, beyond a reasonable doubt, a defendant did not act in self-defense. (*People v. Saavedra* (2007) 156 Cal.App.4th 561, 571.) The juvenile court was well aware of this requirement. The question for us, then, is not whether the prosecution proved the absence of self-defense beyond a reasonable doubt, but whether there is substantial evidence to support the trier of fact's conclusion. (See *People v. Redmond* (1969) 71 Cal.2d 745, 755.) We conclude there is. In light of the evidence as a whole, the court reasonably inferred David was kicked in the head; Jonathan had already fled, so the culprit could only have been Christian; and Christian was not acting in lawful self-defense because David was on the floor, injured, and so did not pose an immediate threat to Christian.

Christian points out that even after being hit in the head, David was able to get up and begin to chase after Jonathan. He argues there is nothing in California law that requires him "to wait for his older, larger, and much more violent brother, to get up and finish choking him to death." Hyperbole aside, while California law may not have required Christian to wait for David to get up and resume choking him, neither did it give him free rein to kick David in the head when David was on the floor and was not attempting to get up and resume choking him. (See, e.g., *People v. Pinholster* (1992) 1 Cal.4th 865, 966 [right of self-defense does not extend beyond time of real or apparent danger], disapproved on another ground in *People v. Williams* (2010) 49 Cal.4th 405, 459; *People v. Clark* (2011) 201 Cal.App.4th 235, 250 [defendant may use force only as long as danger exists or reasonably appears to exist]; *People v. Perez* (1970) 12 Cal.App.3d 232, 236 [when danger has passed and attacker has withdrawn, "there can be no justification for the use of further force"].)

## **DISPOSITION**

The judgment is affirmed.