Filed 3/18/24  P. v. Gleghorn CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KELSEY DRU GLEGHORN,<br><br>    Defendant and Appellant. | 2d Crim. No. B329646<br>(Super. Ct. No. 200213059)<br>(Ventura County) |

Kelsey Dru Gleghorn appeals from an order denying a recommendation by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall his 2004 sentence and resentence him pursuant to Penal Code section 1172.1.[1]  We affirm the order.

---

[1] CDCR recommended resentencing under then-section 1170.03.  The Legislature renumbered section 1170.03 as 1172.1 effective June 30, 2022, with no changes in text.  (Stats. 2022 ch. 58, § 9.)  Unspecified statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND
### *Appellant's Sentence*

Appellant broke into the Simi Valley home of Jill and John Billinger in 2001. Jill confronted him and he fled with a twelve-pack of beer. John's wallet and other personal items were later found in the backyard. Police quickly located appellant and eleven of the twelve beers at a neighbor's house. A jury found him guilty of first degree burglary (§§ 459, 667.5, subd. (c)(21)). He admitted three prior serious felony convictions (§ 667, subd. (a)) and three prior convictions within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced him to 25 years to life as a third strike plus 15 years for prior serious felony enhancement.

### *CDCR Recommends Recall and Resentencing*

The CDCR Secretary's recommendation letter concerned the 15-year enhancement. The letter noted that "courts are now authorized to exercise their discretion to strike prior serious felony convictions for purposes of enhancement . . . , or to strike the punishment for the enhancement . . . , pursuant to PC section 1385." It recommended the court exercise this discretion to recall appellant's sentence on his burglary conviction and resentence him pursuant to section 1172.1.

### *Trial Court Denies Recall*

At hearing, appellant cited his age (60), length of incarceration (20 years), and poor health as among the reasons for striking the enhancement. He submitted certificates commending him for participating in prison art programs, a declaration describing a physical attack by a cell mate, and health records documenting his recent surgery to address painful back injuries. Prosecutors countered that appellant had a

lengthy criminal record and many parole violations. The trial court declined to strike the enhancements.

DISCUSSION

Appellant contends the trial court misapplied section 1172.1 when it declined to recall his sentence without evidence that he poses a current and unreasonable risk of committing a "super strike" offense. We disagree.

A trial court has the discretion to recall the sentence of a defendant committed to state prison and resentence them upon receiving a recommendation from CDCR. (§ 1172.1, subd. (a)(1).) A CDCR recommendation creates "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety." (§ 1172.1, subd. (b)(2).) A defendant meets this standard if there is "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of [section 667, subdivision (e)(2)(C)]." (§ 1170.18, subd. (c).) "The cited subdivision of section 667 identifies eight types of particularly serious or violent felonies, known colloquially as 'super strikes.'" (*People v. Valencia* (2017) 3 Cal.5th 347, 351.) This includes "[a]ny homicide offense [as] defined in Sections 187 to 191.5." (§ 667, subd. (e)(2)(C)(iv)(IV).) We review this decision for abuse of discretion. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863-864.)

The trial court did not misunderstand the resentencing laws or place a less rigorous burden on prosecutors. Appellant's criminal history and post-conviction record provided ample evidence to rebut section 1172.1's presumption. He was convicted of manslaughter as a juvenile after stabbing someone in the chest in 1976. Ten years later he severely beat a housemate with a

stick, breaking his lower jaw, knocking out six to ten teeth, and mangling several fingers. We affirmed his battery conviction in what we described as "a parable of the dangers of weaponry in the hands of unreasonable powers who become unduly provoked over minor irritations." (*People v. Gleghorn* (1987) 193 Cal.App.3d 196, 199).) A domestic violence conviction followed in 2001 when he choked his girlfriend during an argument. He kicked out the windows of police cars on three separate occasions over a one-year period in 2001 and 2002. The last of these resulted in a vandalism conviction. He also has convictions for burglary (four, including the latest offense), trespass, reckless driving, and numerous offenses related to drugs and alcohol. The court revoked probation eight times between 1985 and 2001 after appellant absconded or violated the terms of release. In addition, CDCR found appellant guilty of 11 rules violation reports between 2005 and 2015. He received eight counseling chronos between 2004 and 2016. He tested positive for drug use three times in prison and refused urinalysis on three other occasions.

The trial court must "state on the record the reasons for its decision to grant or deny recall and resentencing." (§ 1172.1, subd. (a)(7).) The transcript of the section 1172.1 hearing shows the court considered appellant's extensive history of violence and criminality, weighed it against his evidence of rehabilitation, and reasonably concluded appellant still poses an unreasonable risk of danger to public safety. No abuse of discretion occurred.

DISPOSITION

The trial court's order rejecting CDCR's recommendation to recall appellant's sentence and resentence him, entered August 9, 2022, is affirmed.

4

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Anthony J. Sabo, Judge
Superior Court County of Ventura
_____


Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and David E. Madeo, Deputy Attorney General, for Plaintiff and Respondent.